# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | | |
|---|---|---|
| **CHARLES BRANNON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.** |
| | ) | |
| **vs.** | ) | **6:10-CV-00052-BAE-GRS** |
| | ) | |
| **ALLIED INTERSTATE, INC.,** | ) | |
| **A Minnesota Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## DEFENDANT ALLIED INTERSTATE, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS FOR EXTENSIONS OF TIME AND RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

COMES NOW, Allied Interstate, Inc., ("Allied Interstate" or "Allied"), Defendant in the above-styled action, and replies to Plaintiff's Response to Defendant's Consolidated Motion And Brief For Extension Of Time To Respond To Plaintiff's Written Discovery And To Complete Discovery and responds to Plaintiff's Motion to Compel Discovery as follows:

### 1. This Case Is About One Thing And One Thing Only:  Mr. Brannon's Attorney Fees.

Plaintiff is a consumer lawyer who routinely represents consumer debtors against debt collectors.  He knows the law and is an extremely

good advocate for his clients.  Having failed to pay one of his own bills, however, Mr. Brannon was contacted by Defendant to pay the debt.  Mr. Brannon saw this request as an opportunity to write himself a "blank check" to pay the *pro se* attorney fees he intended to incur because the FDCPA is a fee shifting statute; a successful plaintiff has their attorney's fees paid by the losing defendant.  Mr. Brannon has been clear from the outset of this case: he wants to be paid handsomely for his *pro se* attorney fees he's "incurred" to bring this case.  In an attempt to limit his *pro se* attorney's fees Mr. Brannon threatened to generate, Defendant tendered a F.R.Civ.P. Rule 68 Offer of Judgment giving to Plaintiff all the relief permitted under the Fair Debt Collection Practices Act.   Mr. Brannon refused the offer and Defendant filed a motion challenging the Court's subject matter jurisdiction.   That motion is fully briefed and presently pending before the Court.  Mr. Brannon is now motivated to object to every possible item and every reasonable request for the exclusive purpose of forcing motion practice and increasing his *pro se* attorney fees.

## 2. Defendant Has Not Been Dilatory In Defending This Case.

The discovery period in the present litigation closed on November 2, 2010. Defendant did not send written discovery requests or schedule

depositions because of the pending dispositive motion.[1]  To engage in discovery during the pendency of such a motion may be a disservice to the parties involved as it would drive up costs and fees in a dispute in which the Court's jurisdiction to adjudicate that matter is being challenged. Defendant submits that it serves judicial economy and preserves the resources of the parties to wait for a ruling on the motion before spending thousands of dollars.  Most importantly, *no party is prejudiced by waiting for a ruling.*  Defendant requested Plaintiff's consent to extending discovery deadlines and Plaintiff refused.

Defendant concedes it took no action in this case pending a decision on its dispositive motion.  Defendant also concedes that it did not, as Plaintiff did, serve a mountain of discovery on Plaintiff on the last day of discovery.  Defendant asked Plaintiff for consent to extend discovery and Plaintiff refused.  Yes, discovery is technically over.  Defendant asks the Court to open discovery for good cause shown for a brief period of time in the event the Court does not grant its motion to dismiss.

### 3. Brannon Has Mischaracterized His Own Participation In The Discovery Process.

_____

[1] See Docket No. 11.

Throughout Brannon's Response to Defendant's Motions for Extensions of Time, he attempts to convince the Court that he has been actively and diligently engaged in the discovery process and that Defendant has wilfully refused to engage in discovery or ignored the discovery cut-off date until it had passed.   This is not true.   From the time in which discovery opened until the time it closed, *neither party engaged in any discovery.*   Brannon served written discovery on Allied Interstate on November 2, 2010, *the very last day of discovery*.   Plaintiff may not "take the high road" and pretend that he was actively engaged in discovery while Allied Interstate presumably placed the matter on the back burner.   Neither party took any action because both sides knew it would be a waste of money to spend thousands of dollars on discovery when Defendant's legitimate motion to dismiss was pending.   Mr. Brannon's suggestion that he has done anything meaningful in this case during the discovery period is not accurate and is a misstatement of his actions.

Defendant has not filed a motion in this case without first asking the Plaintiff for his consent, save the motion to dismiss.   Mr. Brannon's present objection to extending discovery deadlines while his own motion for partial for summary judgment is pending demonstrates his underlying motivation

to work this case and incur *pro se* attorney fees beyond reasonableness. The parties in this case have been idle since Defendant filed its Motion to Dismiss.  For Brannon represent to this Court that he has been diligently pursuing this matter is not accurate.

## 4. Allied Interstate Does Not Object To Conducting Discovery.

Allied Interstate has never objected to conducting discovery in this matter;   rather, Defendant has asked this Court to *delay* discovery until after the Court has ruled on its Motion to Dismiss.   Should the Court grant the motion, the need for discovery will be mooted.  Should the Court deny Defendant's motion, Allied will gladly provide substantive responses to Brannon's discovery requests.  Neither party is prejudiced by such a brief delay.

Additionally, Brannon is under the misplaced notion that Defendant is seeking a stay of discovery.  Defendant is not seeking a stay – it has simply moved the Court to roll back the clock on discovery until after the Court has ruled on Defendant's Motion to Dismiss.

## 5. Conclusion.

No party is prejudiced by waiting for the Court's ruling on the pending motion to dismiss.  Both parties have dispositive motions pending, yet Plaintiff demands leave to run up the fees on this needless motion practice.  Defendant asks the Court to protect both sides from the risk of having incurred enormous unnecessary expense while dispositive motions are pending.  Defendant requests that the Court grant this motion, extend Defendant's deadline to respond to Plaintiff's written discovery and motion for partial summary judgment, to reopen discovery in the event the Court denies Defendant's motion to dismiss, and to deny Plaintiff's motion to compel discovery.

Respectfully submitted this 20th day of December, 2010.

/s/ J. Keith Berry, Jr.
J. Keith Berry, Jr.
Attorney for Allied Interstate, Inc.

P.O. Box 9004
Savannah, Georgia 31412
GA Bar No. 055425
Phone: 912.233.4918
Fax: 912.232.0409
keithberrylaw@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| **CHARLES BRANNON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.** |
| | ) | |
| **vs.** | ) | **6:10-CV-00052-BAE-GRS** |
| | ) | |
| **ALLIED INTERSTATE, INC.,** | ) | |
| **A Minnesota Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ———————————— | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2010, I electronically filed Defendant's Reply to Plaintiff's Opposition to Defendant's Motions for Extensions of Time and Response to Plaintiff's Motion to Compel Discovery using the CM/ECF system which will automatically send e-mail notification

of such filing to the following party:

Charles W. Brannon, Jr.
Charles.brannon@email.com


Respectfully submitted this 20th day of December, 2010.


/s/ J. Keith Berry, Jr.
J. Keith Berry, Jr.
Attorney for Allied Interstate, Inc.

P.O. Box 9004
Savannah, Georgia 31412
GA Bar No. 055425

Phone: 912.233.4918
Fax: 912.232.0409
keithberrylaw@gmail.com